IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPECTRUM BRANDS, INC., <br><br> Plaintiff, <br><br> v. <br><br> KRAUS USA INC., <br><br> Defendant. | Civil Action No. _____ |

## COMPLAINT

Plaintiff Spectrum Brands, Inc. ("Spectrum") hereby complains against Defendant Kraus USA Inc. ("Kraus") for patent infringement as follows:

## THE PARTIES

1. Spectrum is a corporation organized and existing under the laws of Delaware with a principal place of business at 3001 Deming Way, Middleton, Wisconsin, 53562.

2. Upon information and belief, Defendant Kraus is a corporation organized and existing under the laws of New York with a principal place of business at 12 Harbor Park Drive, Port Washington, New York, 11050.

## JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction over Spectrum's claims for patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. On information and belief, this Court has personal jurisdiction over Kraus, and venue is proper, because (1) Kraus has its headquarters in the State of New York and thus resides here, and (2) because Kraus has a regular and established place of business in this district and has offered infringing products for sale in this district.

## SPECTRUM'S PRODUCTS AND INTELLECTUAL PROPERTY

5. United States Patent No. 7,494,074 (the "'074 patent") titled "Faucet Sprayhead With Mode and Volume Controls" was duly and legally issued by the United States Patent and Trademark Office on February 24, 2009. A true and correct copy of the '074 patent is attached hereto as Exhibit A.

6. Spectrum is the assignee of the '074 patent with right, interest, and title thereto.

7. Claims 1 and 16 of the '074 patent are directed to a sprayhead and a method of controlling the flow of water through a sprayhead, respectively, in which the sprayhead includes (1) a first control including a detent finger-button that allows a user to switch between a spray mode for expelling a spray of water and an aerate mode for expelling an aerated stream of water, and (2) a second control to allow the user to adjust the flow volume of water from the sprayhead.

8. Claims 2 and 17 of the '074 patent are directed to a sprayhead and a method of controlling the flow of water through a sprayhead, respectively, in which the sprayhead includes (1) a first control that allows a user to switch between a spray mode for expelling a spray of water and an aerate mode for expelling an aerated stream of water, and (2) a second control including a slide switch to allow the user to adjust the flow volume of water from the sprayhead.

## DEFENDANT'S INFRINGING ACTS

9. Upon information and belief, Kraus is in the business of designing and manufacturing kitchen and bathroom centerpieces and accessories, including faucets and sinks. Kraus advertises that its products may be purchased online through retailers such as Home Depot, Amazon.com, and Lowe's, as well as at authorized retailers in the State of New York. Attached as Exhibit B is a screenshot of the Kraus "Where to Buy" page located at www.kraususa.com/where-to-buy.html, taken on October 3, 2017.

10. As part of its product line, Kraus designs, offers to sell and does sell the Arqo™ faucet. Kraus's Arqo™ webpage describes the Arqo™ faucet with the following language: "The ergonomic dual function sprayhead is engineered for maximum water savings with Hands 'n Pan™ adjustable flow control, which allows you to go from washing your hands with a gentle stream to rinsing your dirtiest dishes with a powerful spray." Screenshots of the Arqo™ webpage (www.kraususa.com/arqo-dual-function-pull-down-kitchen-faucet-stainless-steel.html) taken October 3, 2017, and including two views of the Arqo™ product are attached as Exhibits C and D. Upon information and belief, Kraus imports the Arqo™ into the United States.

11. The Arqo™ sprayhead contains both a detent finger-button and a slide switch. In the image below, adapted from the Arqo™ page (*see* Ex. C), the detent finger-button is highlighted with a green arrow, and the slide switch is highlighted with a red arrow.



12. The images on the detent finger-button highlighted in paragraph 11 represent a spray mode and an aerate mode.

13. As shown and described in the image below, the slide switch allows the user to adjust the flow of water expelled from the faucet.  As shown in the image below, taken from the Arqo™ website (*see* Ex. D), Kraus advertises the slide switch on the Arqo™ as "an adjustable slider for variable water pressure that you can customize to the task at hand."



14. Kraus instructs users that the Arqo™ has the following benefits, which correspond to the claimed features of the '074 patent (*see* Exs. C, D).

- Hands 'n Pans™ Adjustable Flow Control: Go from washing your hands with a gentle stream to rinsing your dirtiest dishes with a powerful spray on demand

- Dual Function Sprayhead: Switches Between Stream & Spray at the Push of a Button

## COUNT ONE
## INFRINGEMENT OF U.S. PATENT NO. 7,494,074

15. Paragraphs 1-14 are reincorporated by reference as if fully set forth herein.

16. The '074 patent is valid, enforceable, and was duly and legally issued on February 24, 2009.

17. Kraus has been and is now directly infringing at least claims 1 and 16 of the '074 patent. The Arqo™ sprayhead, which Kraus manufactures and offers for sale within the United States, contains a detent finger-button that allows the user to switch between spray mode and aerate mode, and a second control that allows the user to adjust the flow volume of water from the sprayhead.

18. Kraus has been and is now directly infringing at least claims 2 and 17 of the '074 patent. The Arqo™ sprayhead, which Kraus manufactures and offers for sale within the United States, contains a control that allows the user to switch between spray mode and aerate mode, and a slide switch that allows the user to adjust the flow volume of water from the sprayhead.

19. Kraus has been and is now indirectly infringing by inducing infringement by others and/or contributing to the infringement by others of the '074 patent in the State of New York, in this judicial district, and elsewhere in the United States, by, among other things, using, importing, offering for sale, and/or selling, the Arqo™ sprayhead.

20. The Arqo™ sprayhead has no substantial non-infringing use.

21. Kraus, through at least its website, instructs users that they may use the Arqo™ sprayhead's detent finger-button to switch between stream (i.e. aerate) and spray modes, and the Arqo™ sprayhead's slide switch to adjust the flow of water expelled from the faucet.

22. Kraus has had knowledge of the '074 patent since at least the service of this complaint, has been aware that directing its customers to use the Arqo™ infringes the claims of the '074

patent, and is thus liable for infringement of at least claims 1, 2, 16, and 17 of the '074 patent by actively inducing infringement and/or as a contributory infringer.

23. Kraus's infringement has been without permission, consent, authorization or license from Spectrum.

24. As a direct and proximate cause of Kraus's infringement, Spectrum has suffered actual damages in an amount to be determined at trial.

25. As a direct and proximate cause of Kraus's infringement, Spectrum will continue to suffer irreparable harm for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Spectrum respectfully requests that the Court:

a. Declare that Kraus has directly infringed, contributorily infringed, and/or induced infringement of one of more claims of the '074 patent;

b. Permanently enjoin Kraus from infringing the '074 patent, including by specifically prohibiting Kraus and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with them, from manufacturing, using, importing, selling, and offering to sell, in the United States any product that falls within the scope of any claim of the '074 patent;

c. Order an accounting of all monies received by or on behalf of Kraus and all damages sustained by Spectrum as a result of Kraus's infringements;

d. Order Kraus to recall all infringing products from its customers;

e. Award Spectrum damages in an amount to be determined at trial adequate to compensate Spectrum fully for Kraus's infringement to infringe the '074 patent;

f. Award Spectrum its reasonable attorneys' fees and litigation expenses pursuant to 35 U.S.C. § 285; and

    g.  Award Spectrum such other and further relief as the Court may deem just and proper

## DEMAND FOR JURY TRIAL

Spectrum hereby demands trial by jury as to all issues so triable in this action.

October 5, 2017　　　　　　　　　　　　　　By: /s/ Martin E. Gilmore

                                                    Martin E. Gilmore
                                                  PERKINS COIE LLP
                                                  30 Rockefeller Plaza, 22nd Floor
                                                  New York, NY 10112
                                                  Telephone:  212.262.6900
                                                  Facsimile:  212.977.1649

                                                  *Counsel for Plaintiff*
                                                  *Spectrum Brands, Inc.*